"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DEBORAH M HUFFMAN, | Case No. EDCV 03-1535-MLG |
| Plaintiff, | ORDER AWARDING ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |
| v. | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | |
| Defendant. | |

**I.   Introduction**

On May 20, 2004, this Court ordered that Plaintiff's application for Social Security disability benefits and Supplemental Security Income benefits be remanded to the defendant Commissioner for further proceedings, pursuant to the stipulation of the parties. After a second administrative hearing on the merits, the Social Security Administration awarded Plaintiff $57,996.00 in back benefits. Now pending before the Court is the petition of Plaintiff's counsel, Lawrence D. Rohlfing, for attorney fees in the amount of $7000.00 for his representation of Plaintiff in this matter.

Defendant filed a response which neither opposes nor supports the petition. Rather, Defendant's position is only that the requested net fee of $5,700 (i.e., $7,000 less the $1,300 previously received by Plaintiff's counsel under the Equal Access to Justice Act ["EAJA"]) must be "reasonable" under the guidelines enunciated in *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002). After careful consideration, the court finds that $7,000 for 4.1 hours of work by Plaintiff's counsel and 7.1 hours of paralegal work is not "reasonable." For the reasons stated below, the court will award attorney fees in the amount of $3901.80

**II.  Discussion and Analysis**

Plaintiff's counsel brings this petition pursuant to 42 U.S.C. § 406(b), which provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

In *Gisbrecht*, supra, the Supreme Court resolved a division among the federal circuits on the appropriate method of calculating attorney fees under § 406(b). Rejecting the "lodestar method" which several of the circuits (including the Ninth Circuit) had been applying, the Supreme Court held:

> [Section] 406(b) does not displace contingent-fee

> agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits... Within the 25 percent boundary,...the attorney for the successful claimant must show that the fee sought is **reasonable for the services rendered**.

122 S.Ct. at 1828 (emphasis added).

In determining whether the $7,000 award sought by Plaintiff's counsel is "reasonable for the services rendered" here,[1] the Court has considered a number of factors. Several of these factors fall in favor of Plaintiff's counsel.

Under the terms of the contingent fee agreement between Plaintiff and Plaintiff's counsel, Plaintiff's counsel would be entitled to fees corresponding to 25% of the back benefits awarded. Plaintiff agreed to the 25% contingency and the $7,000 sought represents slightly less than half of the agreed upon amount.[2] The

---

[1] In requesting $7,000 in fees, Plaintiff's counsel posits that the lodestar, rather than a contingent fee basis, is an appropriate method for determining the reasonableness of attorney's fees in Social Security cases. *See Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-718 (5th Cir. 1974). This is simply no longer the case under *Gisbrecht.*

[2] Under the 25% contingency agreement, counsel would be entitled to a maximum of $14,499 in fees. That amount has been withheld from the award of benefits. The $7000 sought by counsel is approximately 12.1% of the benefits award.

Court has no basis for finding that there was any fraud or overreaching by counsel in the making of the contingent fee agreement with Plaintiff.

In addition, there is no excessive delay attributable to counsel which would unduly increase the back benefits accumulated during the pendency of the case in court.

However, although the $7,000 fee sought here is within the acceptable range, counsel's requested fee is not "reasonable for the services rendered." Plaintiff's counsel is seeking a fee that is more than three times the average fee for even the top 10% of similarly situated law firms. As noted above, Plaintiff's counsel is seeking compensation for only 4.1 hours of attorney time and 7.1 hours of paralegal time rendered in connection with Plaintiff's representation before the Court.

The economic data provided by Plaintiff's counsel indicates that the median hourly rate in 2000 was approximately $250 per hour for partners and $87 per hour for paralegals in small firms in California. Based on these numbers, Plaintiff's counsel could expect to receive a total fee of $1,642.70 (i.e., $1025 for attorney fees and $617.70 for paralegal fees) if this case was taken on a non-contingency basis.

Small firms in the upper 10% can expect an average rate of $336 per hour for partner and $120 per hour for paralegals. Multiplying these figures by the hours worked in this case amounts to a total of $2,229.60 in fees (i.e., $1377.60 in attorney fees and $852 in paralegal fees) had this not been a contingency fee case.

Based on the Defendant's calculations, a fee of $7,000 represents approximately $1086.26 per hour for Plaintiff's counsel

and $358.64 per hour for the paralegal, which amounts to more than four times the median fees and more than three times the fees that could be expected from a top 10% firm. Indeed, the fee sought includes an enhancement of either $5357.30 or $4,770.40, respectively, based on the data provided by Plaintiff's counsel. An award in this amount would result in an unwarranted windfall for counsel.

Plaintiff's counsel contends that the rates in the upper 10% are appropriate here, and Defendant has presented no evidence to refute this. Even accepting that Plaintiff's counsel provided representation consistent with a fee in the top 10%, the Court cannot accept that an enhancement over 300% is reasonable. While the risk of nonpayment (i.e., the "contingency factor") inherent in contingency-fee cases serves to justify some enhancement, an enhancement this large is unreasonable. Plaintiff's counsel has not provided any evidence that there was anything about this case that was factually or legally extraordinary or that it somehow had a very low risk of success. Indeed, this case appears to be a very routine Social Security case. Accordingly, the Court finds that an enhancement of 75% over the fee which would have been charged in the upper 10% sufficiently ensures the reasonableness of the fee in terms of both inflation and an appropriate enhancement. A total fee of $3901.80 (i.e., $2,229.60 multiplied by 1.75) is therefore appropriate.[3]

\\

\\

---

[3] This number results in an hourly rate of $588.00 for counsel and $210 for the paralegal. These hourly rates shall not be cited as establishing a current hourly rate for attorneys or paralegals practicing in this area if the law.

**III. Conclusion**

Based upon the foregoing considerations, the Court finds and concludes that the $7,000 in fees sought by Plaintiff's counsel is unreasonable, and that a reduction is warranted. The petition for $7,000 in gross attorney fees pursuant to 42 U.S.C. § 406(b) is **DENIED** and gross fees in the sum of $3,901.80 are hereby awarded. Upon payment by the Commissioner of such amount out of the withheld back benefits, Plaintiff's counsel shall refund to Plaintiff the lesser EAJA fee of $1,300.00 (which the Defendant has already paid to Plaintiff's counsel). **IT IS SO ORDERED.**

Dated: August 24, 2006

/s/ Marc L. Goldman
Marc L. Goldman
United States Magistrate Judge